Amir J. Goldstein, Esq. (SBN 255620)
ajg@consumercounselgroup.com
The Law Offices of Amir J. Goldstein, Esq.
7304 Beverly Blvd. Suite 212
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHER VAKNIN, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., ENCORE CAPITAL GROUP, INC. and DOES 1 through 10 inclusive,<br><br>　　　　　　　Defendants. | CASE NO.:　20-cv-02344<br><br>CLASS ACTION<br>COMPLAINT FOR DAMAGES |

　　　　Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his class action complaint against the Defendants MIDLAND CREDIT MANAGEMENT, INC. and ENCORE CAPITAL GROUP, INC. alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer and on behalf of a class for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act") which prohibits debt collectors

from engaging in abusive, deceptive and unfair practices. Plaintiff also claims violations under California Business and Professions Code §17200, et seq., which prohibits unfair competition, including any unlawful, unfair or fraudulent business act, and intrusion upon seclusion.

## PARTIES

2. Plaintiff Asher Vaknin is a "consumer" and a natural person residing in Los Angeles County, California.

3. Upon information and belief, the Defendant Midland Credit Management, Inc. is a "debt collector" as defined pursuant to 15 U.S.C. § 1692 a(6) and Cal. Civil Code §1788.2 and a "creditor" as defined pursuant to Cal. Civil Code §1788.2, with its principal place of business in San Diego, CA.

4. Upon information and belief, Defendant Encore Capital Group, Inc. is a "debt collector" as defined pursuant to 15 U.S.C. § 1692a(6) and Cal. Civil Code §1788.2 and is located in San Diego, CA.

## JURISDICTION

5. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and the Court's supplemental jurisdiction, 28 U.S.C. §1367. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the Defendants regularly conduct business in this district.

## FACTUAL ALLEGATIONS

6. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

7. That a personal debt was allegedly incurred by Plaintiff on a Capital One Bank (USA), N.A. account.

8. That at a time unknown to Plaintiff herein, Defendant Midland Credit Management, Inc. (hereinafter referred to as "Defendant MCM") obtained and/or purchased Plaintiff's alleged account and began its collection efforts on the account.

9. That at all times relevant herein, Defendant MCM acted as an agent and under the direction of Defendant Encore Capital Group, Inc., which is its parent company.

*Count One*

10. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

11. That Defendants, in an attempt to collect on the aforementioned debt, sent Plaintiff a dunning notice dated December 20, 2019.

12. That at the top of the 12/20/19 letter was the following language: "Welcome, Your account has a new home."

13. That the 12/20/19 letter contained the following information under the heading, "Account at a Glance" – Current Balance: $11,430.90, Flexible payment options available, Receive Personalized Service, "Begin your path to your financial freedom TODAY!" and "Reply by 2/3/2020"

14. That on the right hand side of the letter was a round emblem with the following language: "Consumer Bill of Rights, Rev. 1103021."

15. That according to the 12/20/19 letter: "MCM is a different kind of debt collector…MCM, a partner you can trust."

*Count Two*

16. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

17. That less than 30 days later, Defendants mailed Plaintiff yet another dunning notice, dated January 2, 2020, in their attempts to collect on the aforementioned debt.

Class Action Complaint for Damages

18. That at the top of the 1/2/2020 letter was the following language: "Pay by 1/17/2020 at MidlandCredit.com or 877-654-1129."

19. That also written at the top of the 1/2/2020 letter was the heading: "PRE-LEGAL NOTIFICATION."

20. That the 1/2/2020 letter contained the following warning: "This letter is to inform you that MCM is considering forwarding this account to an attorney in your state for possible litigation.  Please pay…no later than 1/17/2020…If we don't hear from you or receive payment, MCM may proceed with forwarding this account to an attorney."

*Count Three*

21. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

22. That Plaintiff previously received a dunning letter concerning the same Capital One Bank account from one "Hunts & Henriques, Attorneys at Law" in or about December 2018.

23. That in response to receiving that correspondence, Plaintiff mailed the attorneys a letter disputing the validity of the alleged debt.

24. That to date, Plaintiff has not received any correspondence in response to his dispute letter.

25. That to date, Plaintiff has only received the dunning letters (dated 12/20/2019 and 1/2/2020, respectively) from Defendants after Plaintiff made his lawful dispute.

26. That upon information and belief, the conduct of all Defendants to collect on the alleged account confused and deceived Plaintiff as to the status of his account.

27. That Defendants persisted with abusive and harassing conduct against Plaintiff in an effort to collect payment on a debt by means of duress and coercion.

28. That as a result of Defendants' conduct, Plaintiff suffered actual damages, including, but not limited to: stress, anxiety, aggravation, sleepless nights and monetary losses.

**AS AND FOR A FIRST CAUSE OF ACTION**

29. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

30. That Defendants' conduct and communications contained language demonstrating false statements, threatening implications and deceptive misrepresentations in violation of the FDCPA.

31. That Defendants' conduct violates 15 U.S.C. 1692 et seq., including but not limited to the following subsections, in that the representations made by the Defendants are harassing, confusing, misleading, deceptive and unfair.

    a. Defendants violated 15 U.S.C. §1692d by abusing and harassing the Plaintiff;

    b. Defendants violated 15 U.S.C. §1692e by falsely representing the character, amount, or legal status of the alleged debt; by threatening to take any action that cannot be legally be taken; by using false representations; and by using deceptive means to collect the alleged debt;

    c. Defendants violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

    d. Defendants violated 15 U.S.C. §1692g by using misleading and overshadowing language in an attempt to collect the alleged debt, by contradicting and mischaracterizing Plaintiff's rights, and by mischaracterizing the status of the account and the alleged amount owed.

32. That Defendants engage in a pattern or practice of communicating with consumers where the representations made by the Defendants are harassing, threatening, confusing, misleading, deceptive and/or unfair, all in an effort to collect on alleged debts.

33. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the Defendants are liable to the Plaintiff for actual and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION

34. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

35. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

36. By their acts and practices as hereinabove described, the Defendants have violated the Rosenthal Act as follows, without limitation:

    a. Defendants have violated §1788.10(f) which prohibits threats to take actions against the debtor which is prohibited by said title;

    b. Defendants have violated §1788.13(j) with its false representations that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made; and

    c. By the above-referenced violations of the FDCPA, Defendants have violated §1788.17.

37. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover his actual damages sustained as a result of the Defendants' violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

38. In addition, because the Defendants' violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to his actual damages, penalties of at least $1,000 per violation as provided for in the Act.

39. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**

40. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

41. The California Business and Professions Code §17200, et seq., prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

42. That Defendants, by engaging in the acts hereinabove described, have committed violations under the aforementioned statutes and codes; that said acts are therefore per se violations of the California Business and Professions Code Section 17200 et seq.

43. That the harm caused by Defendants' conduct outweighs any benefits that Defendants' conduct may have.

44. That a consumer like the Plaintiff is likely to be deceived, and that the Plaintiff was in fact deceived, by Defendants' conduct.

45. That the Defendants have been unjustly enriched by committing said acts.

46. That as a result of Defendants' conduct, Plaintiff has been harmed and has suffered damages in the form of monetary losses, extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights.

47. That as a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices as alleged herein, Plaintiff has suffered substantial injury in fact and lost money and/or property.

48. That pursuant to California Business and Professions Code § 17200, et seq., Plaintiff is entitled to recover his actual damages and restitution.

**AS AND FOR A FOURTH CAUSE OF ACTION**

49. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

50. That Plaintiff had a reasonable expectation of privacy.

51. That Defendants intentionally intruded in Plaintiff's privacy by, among other things, unlawfully attempting to collect a debt from Plaintiff and continuing unlawful collection efforts against Plaintiff despite his disputes.

52. That Defendants' intrusion would be highly offensive to a reasonable person.

53. That Plaintiff was harmed by Defendants' conduct.

54. That Defendants' conduct was a substantial factor in causing Plaintiff's harm.

55. That Defendants intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting this debt, and thereby invading, and intruding upon Plaintiffs rights to privacy.

56. That Defendants acted with malice, fraud and/or oppression, warranting exemplary and/or punitive damages.

57. That the actions taken by Defendants indicate a willingness to execute, maintain, and pursue improper business practices.

58. That in pursuing their egregious, and unlawful debt collection efforts against Plaintiff, the Defendants acted with malice, oppression, and fraud as defined by Cal. Civ. Code §3294(c)(1),(2),(3).

## CLASS ALLEGATIONS

59. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

60. The first cause of action is brought on behalf of Plaintiff and the members of a class.

61. That the class consists of all persons whom Defendants' records reflect (a) resided in the state of California, (b) received collection notices bearing the Defendant's letterhead in substantially the same form as the letter(s) sent to the Plaintiff, (c) the correspondence was sent to consumers seeking payment of a consumer debt; and (d) that the correspondence contained violations of 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

62. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the facts that the collection activity, including Defendants' form letters, are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendants violated the FDCPA by failing to follow appropriate procedures.

(C) The only individual issue is the identification of the consumers like the Plaintiff, a matter capable of ministerial determination from the records of Defendants.

(D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

63. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

64. Collection lawsuits, pleadings, letters, statements and/or reports, such as those sent by, or at the direction of the Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

65. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   a. Defendants have violated 1692d by harassing and engaging in oppressive and abusive conduct against the Plaintiff and putative class members;

   b. Defendants have violated 1692e by using false representations, employing deceptive and misleading means and taking legal actions that could not be legally taken, in an attempt to collect a debt;

   c. Defendants have violated 1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

   d. Defendants have violated 1692g by using misleading and overshadowing language and mischaracterizing debtor rights and/or the status and amounts of alleged accounts.

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

   (a) An order certifying the class defined above, appointing Plaintiff as class representative and appointing her attorney as class counsel;

   (b) Statutory and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the first cause of action;

   (c) Statutory damages and actual damages provided by statute, including, but not limited to 15 U.S.C. § 1692k et seq., Civil Code §1788.30 et seq., and California Business and Professions Code §§17200, et seq and Cal. Civ. Code §3294;

   (d) Special, general, and compensatory damages and punitive damages;

   (e) Equitable and injunctive relief;

   (f) Restitution;

   (g) Costs and reasonable attorney's fees provided by statute, including

15 U.S.C. § 1692k, California Civil Code §1788.30, *et seq.*, common law and/or the Court's inherent power; and

(h) For such other and further relief as may be just and proper, including but not limited to a preliminary and permanent order enjoining the Defendants and its agents, employees, affiliates and/or subsidiaries, from collecting or attempting to collect monies not authorized by law from Plaintiff, or from otherwise engaging in the unlawful and unfair acts and practices alleged herein.

Plaintiff requests trial by jury on all issues so triable.

Dated: March 11, 2020          Respectfully Submitted,

                                            /S/ Amir J. Goldstein, Esq.
Amir J. Goldstein, Esq.
**Attorney for Plaintiff**
The Law Offices of Amir J. Goldstein, Esq.
7304 Beverly Blvd, Suite 212
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194